UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON


CIVIL ACTION NO. 2008-227 (WOB)


YACOUB ABDALLAHI SIDYA                                            PLAINTIFF


VS.                      MEMORANDUM OPINION AND ORDER


THE ARMORED GROUP, LLC.,
ET AL                                                           DEFENDANTS



     This matter is before the court on defendant, Greenshields

Cowie (USA) Inc.'s, motion to dismiss the crossclaim filed

against it by defendant, The Armored Group, LLC.  (Docs. #45 and

#42, respectively).

### *Factual and Procedural Background*

     In January 2008, plaintiff Yacoub Abdallahi Sidya (Sidya)

purchased an armored truck from defendant, The Armored Group, LLC

(Armored Group), in response to Armored Group's online

advertisement.  Sidya paid $27,650 for the truck.  Sidya wanted

the truck for business to be conducted in Mauritania.  Armored

Group represented itself to be the owner of the truck, but in

fact the truck was owned by defendant Plug-In-Trucks Corp., d/b/a

Nassau Truck Center (Plug-In-Trucks).  The truck was to be

shipped from New York directly to Dakar, Senegal, where it would

then be driven to the neighboring country of Mauritania.

Armored Group recommended Greenshields Cowie & Co. (UK) Ltd., for the purpose of shipping the truck.  Greenshields Cowie & Co. (UK) Ltd. is the parent company of defendant Greenshields Cowie (USA) Inc. (Greenshields).  Sidya's contract for shipment was made with Greenshields Cowie & Co. (UK), and Greenshields Cowie (USA) appears to have acted as the agent of the British parent company when communicating with Sidya for making the shipping arrangements.  Sidya and Greenshields agreed on a delivery date of August 25, 2008.  Unfortunately for Sidya, the truck never arrived in Dakar, Senegal.  As a result, Sidya was unable to fulfill his obligations for which the armored car was intended and thus claims loss of profits, business opportunities, and good will.

All communications regarding the shipment between Sidya and Greenshields were made by telephone or email.  Similarly, all communications between Sidya and Armored Group were made by telephone or email.  Some of the emails from Sidya to Greenshields display a signature line containing a telephone number with an 859 area code and Cincinnati-based website addresses.  Other emails display a signature line that identify Sidya as the president of a Mauritanian corporation with foreign telephone numbers and an address in Mauritania.  During the course of all the communications between Sidya, Armored Group and Greenshields, Sidya was a resident of Kentucky.  Armored Group is

an Arizona corporation with its principal place of business in Phoenix.  Greenshields is a Florida corporation with is principal place of business in Miami.

Shortly after Sidya filed his complaint, Greenshields moved to dismiss for lack of personal jurisdiction.  (Doc. #4). Armored Group followed suit with their own motion to dismiss. (Doc. #19).  The court ordered an evidentiary hearing on both of these motions. (Docs. #29, #33, #35, #39).  The day before the hearing was to be held, Sidya settled with defendants Greenshields and Plug-In-Trucks.  (Docs. #40, #41).  At the hearing, the court denied Greenshields' motion to dismiss for lack of personal jurisdiction as moot.  (Doc. #41).  The court also denied Armored Group's motion to dismiss for lack of personal jurisdiction.  (Id.).  The court then ordered discovery to be completed by May 7, 2010 and dispositive motions to be submitted by June 7, 2010.  (Id.).  Armored Group subsequently filed a crossclaim against Greenshields.  (Doc. #42). Greenshields now moves to dismiss the crossclaim for lack of personal jurisdiction.  (Doc. #45).

### *ANALYSIS*

Specific jurisdiction requires that the defendant have "certain minimum contacts" with the forum state such that the exercise of jurisdiction will not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v.*

3

*Washington*, 326 U.S. 310, 316 (1945).  A court may find personal

jurisdiction over a defendant whose "conduct and connection with

the forum state are such that he should reasonably anticipate

being haled into court there."  *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297 (1980).

A contract between a forum state resident and a non-resident

is not enough to alone establish personal jurisdiction.  *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).  But a single

insurance policy may be enough to establish jurisdiction when the

defendant solicited it in the forum state.  *McGee v. Int'l Life*

*Insurance Co.*, 355 U.S. 220, 223 (1957).

A lack of actual physical entry into the forum state will

not defeat jurisdiction "because it is an inescapable fact of

modern commercial life that a substantial amount of business is

transacted solely by mail and wire communications across state

lines, thus obviating the need for physical presence within a

State in which business is conducted."  *Burger King*, 471 U.S. at

476.

In *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374

(6th Cir. 1968), the Sixth Circuit developed a three-part test

for determining if a non-resident defendant has sufficient

minimum contacts:

> First, the defendant must purposefully avail himself of
> the privilege of acting in the forum state or causing a
> consequence in the forum state.  Second, the cause of
> action must arise from the defendant's activities there.

Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 381.  Whether a defendant is subject to personal jurisdiction depends on the facts of each case; there is no mechanical formula for determining personal jurisdiction.  *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1294 (6th Cir. 1989).

The first factor in the *Southern Machine* test is essential to establishing jurisdiction.  *Id*. at 1300.  "Parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."  *Burger King*, 471 U.S. at 473 (quoting *Travelers Health Ass'n. v. Virginia*, 339 U.S. 643, 647 (1950)).

Looking at the facts of this case, there simply was no purposeful availment by Greenshields of the forum state of Kentucky.  Similar to defendant Armored Group, Greenshields does have a website where they advertise their services.  However, unlike Armored Group, Greenshields did *not* actively hold themselves out as doing business in Kentucky.  (*See* Doc. #41-1). Armored Group maintains that there were sufficient minimum contacts by virtue of Greenshields' communications with Sidya. (Doc. #53).  This argument ignores the fact that those communications arose out of an agreement that Sidya had already negotiated with Greenshields Cowie & Co. (UK) to ship an armored

5

vehicle from New York to Dakar, Senegal.  (Doc. #4-2).

Furthermore, the sequence of events with respect to Sidya and Greenshields are insubstantial compared to those between Sidya and Armored Group.  In the latter case, the plaintiff, Sidya, contacted Armored Group after viewing their website, which the court has already determined was a purposeful availment of the forum state.  On the contrary, the contact between Sidya and Greenshields arose out of Armored Group's recommendation of Greenshields as a international shipper of vehicles.  Sidya's solicitation of Greenshields' business was the result of a referral; not from any advertisement, web-based or otherwise, that Greenshields undertook.

There cannot be any purposeful availment by Greenshields when they did not hold themselves out as being  available to do business in Kentucky.  Additionally, at no time did there appear to be any communications exchanged or any activity, other than the initial referral, conducted between Armored Group and Greenshields, in or beyond the borders of Kentucky.

From the outset, defendant Greenshields has maintained that they are a subsidiary of a British parent corporation and that the agreement to ship Sidya's vehicle was with the British parent company and *not* with Greenshields Cowie (USA).  (Docs. #4, #45, and #54).  Armored Group has not presented any evidence to contradict this assertion.  Thus, even if Greenshields "reached

6

into" Kentucky by initiating communications with Sidya, said contact was as the agent of the British parent company, Greenshields Cowie & Co. (UK), in response to Sidya's solicitation of the British company's business.  These communications would have been incidental to the agreement that had already been reached between Sidya and Greenshields Cowie & Co. (UK) Ltd.  "Incidental telephone calls from outside the forum state into the forum state are insufficient contacts to be the basis of an exercise of personal jurisdiction."  *Kennedy v. Ziesmann*, 526 F.Supp. 1328, 1331 (E.D. Ky. 1981).

All of the above listed reasons also weigh heavily against a finding of personal jurisdiction based on the second and third parts of the test announced in *Southern Machine*.  401 F.2d at 381.  The plaintiff's cause of action does *not* arise from defendant Greenshields' activities in the forum state because there were no activities conducted by Greenshields in Kentucky, other than the incidental phone and email communications between the parties.

Greenshields, as a Florida corporation and subsidiary of a British company, clearly did not have substantial enough contact with Kentucky in order to make jurisdiction over them reasonable based on the facts presented.  Armored Group's argument that the court's previous finding of personal jurisdiction with respect to them should result in the same finding with respect to

Greenshields simply has no merit.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) Defendant Greenshields Cowie (USA) Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. #45) be, and is hereby, **GRANTED**;

(2) The court's previously ordered deadlines for the completion of discovery and for the submission of dispositive motions (Doc. #41) remains in effect.


This 2nd day of April, 2010.



**Signed By:**

_**William O. Bertelsman**_  WOB

**United States District Judge**